IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 07-CR-30022-MJR |
| MARK A. HALL, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND O R D E R**

**REAGAN, District Judge:**

**I.    Background and Procedural History**

Petitioner, Tina Hall, the former wife of Defendant Mark Hall, contests the forfeiture of the property at 608 Autumn Avenue, Collinsville, Illinois ("the property" or "the subject property"). She contends that the property was awarded to her on July 10, 2006, in an uncontested divorce proceeding. The Government asserts that the property is subject to criminal forfeiture because it has been used for marihuana-related activities since no later than October, 1997. In the underlying criminal action, Mark Hall was charged in a three-count indictment as follows: (1) from approximately January, 2006, through about February 7, 2007, Mark Hall knowingly and intentionally possessed 100 or more marihuana plants with intent to manufacture marihuana; (2) on or about February 7, 2007, Mark Hall maintained the subject property for the purposes of manufacturing marihuana; and (3) a forfeiture count. (Doc. 17, Indictment). Mark Hall pled guilty to the charges and consented to the forfeiture of the property. On November 30, 2007, pursuant to FED. R. CRIM. P. 32.2, the Court entered a preliminary order for forfeiture of the property. (Doc. 58).

1

It is undisputed that Tina Hall's divorce decree awarded the property to her and provided that the parties were to execute the instruments necessary to vest title to the property in her.[1] The court indicated that it would sign the instrument if Mark Hall was unable or refused to sign. No documents were executed until May 8, 2007, when Mark Hall signed a quit-claim deed of his interest in the property to Tina Hall. She recorded the quit-claim deed on July 23, 2007.

On February 7, 2007, after the divorce decree was entered but before the quit-claim deed was signed and recorded, a search warrant executed on the property revealed that Mark Hall had been conducting a marihuana grow operation there. On February 8, 2007, the Government filed a civil forfeiture action against the property in *United States v. 608 Autumn Avenue*, Case No. 07-cv-109-WDS (S.D.Ill.). As part of the proceedings, the Government gave public notice of the forfeiture through a *lis pendens* filed in Madison County on February 12, 2007. On February 23, 2007, the property was identified as forfeitable in this cause and a *lis pendens* was filed in Madison County on March 29, 2007.[2] Tina Hall was personally served with notice on February 28, 2007. The civil forfeiture action was stayed on February 4, 2008, pending the outcome of the current proceedings.

Now before the Court are the Government's motion for partial summary judgment

---

[1]The decree provided in relevant part, "That Petitioner and Respondent shall carry out all the terms, provisions and conditions of this Judgment and each of the parties shall execute, acknowledge and deliver good and sufficient instruments necessary or proper to vest the titles and estates in the respective parties hereto as provided in this Judgment, and from time to time to execute, acknowledge and deliver any and all documents which may be necessary and proper to carry out the purpose of this Judgment and establish of record the sole and separate ownership the several properties of said parties in the manner herein provided." Doc. 79, Exhibit A, Decree, p. 4, ¶ D.

[2]Tina Hall is under the misapprehension that the Government did not record its interest. The Government's exhibits show that its interest was recorded. *See* Doc. 79, Exhibits D, E.

(Doc. 75) and Tina Hall's motion for summary judgment (Doc. 77). Both motion are fully briefed and ready for disposition. Summary judgment will be granted if the evidence presented in the motion "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED. R. CIV. P. 56(c)**.

## II. Analysis

Criminal forfeiture proceedings are governed by 21 U.S.C. § 853, which provides, in relevant part:

> Any person convicted of a violation of this subchapter or subchapter II of this chapter punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law--
>
> **(1)** any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
> **(2)** any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation[.] **21 U.S.C. § 853**.

Under the statute's "relation back" provision, "All right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section." **21 U.S.C. 853(c)**. Notwithstanding these provisions, for certain persons who would otherwise lose their property to forfeiture, the statute also contains an "escape clause," as follows:

> (6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that -
>    (A) the petitioner has a legal right, title or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>    (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section; the court shall amend the order of forfeiture in accordance with its determination. **21 U.S.C. §**

3

**853(n)(6)**.

The Government concedes that Tina Hall has a 50% interest in the property as of 1991, when it was deeded to her as a joint tenant, and that this 50% interest is exempted from criminal (but not civil) forfeiture. The Government contends that the other 50%, deeded to her by Mark Hall, is subject to forfeiture. The Government argues that Tina Hall has no vested or superior right, title or interest in the 2007 50% interest because, under Illinois law, real estate interests are conveyed by deeds. According to the Government, the divorce decree clearly contemplated that a deed to the property was necessary to complete the transaction. Consequently, because a deed did not exist until after the property was subject to forfeiture, Tina Hall is not protected under 21 U.S.C. § 853(n)(6)(A).

The Government also contends that, even if the decree conveyed the property, the conveyance does not trump the interests of the Government because (1) it does not contain a legal description of the real estate; and (2) under 765 ILCS 5/30, creditors and subsequent purchasers without notice take priority over holders of an unrecorded prior interest. Finally, the Government maintains that, because Tina Hall and Mark Hall smoked marihuana on the premises and set up a grow in another house, she was not "reasonably without cause to believe that the property was not subject to forfeiture."

Tina Hall contends that the final divorce decree that awarded her sole ownership of the subject property contained no deadline for filing with the recorder of deeds. She argues that it is irrelevant when she recorded her interest or if she recorded it at all. According to Tina Hall, the Government cannot seek forfeiture of Mark Hall's property interest because, at the time of the seizure by the Government, he had no claim, right or interest in the property. She also maintains

4

that the Government is neither a creditor nor a subsequent purchaser of the property.

In criminal forfeiture proceedings, the Government acquires only the rights of the defendant and, if Tina Hall's legal interest in the property is superior to Mark Hall's legal interest in the property, the order of forfeiture is rendered invalid. ***See United States v. O'Dell,* 247 F.3d 655, 680 (6th Cir. 2001) (citing *United States v. Lavin,* 942 F.2d 177, 185 (3d Cir. 1991) (holding that "if a third party's interest in the forfeited property, at the time of the criminal acts, was superior to the criminal defendant's interest, then the interest that the government acquires when it steps into the defendant's shoes is subordinate to that of the third party" ) (additional citations omitted)**. That Tina Hall's interest was superior to Mark Hall's could scarcely be clearer. Her divorce decree provided that she was "hereby awarded as her sole and exclusive property the house at 608 Autumn ... free and clear of any claim, right or interest of the Respondent." Doc. 76-2 ¶ 13. Accordingly, at the time of the criminal acts - February 7, 2007, as alleged in the indictment - Tina Hall had an interest in the property that was superior to Mark Hall's interest. ***United States v. Ben-Hur,* 20 F.3d 313, 317 (7th Cir. 1994) ("[T]he relevant time for determining what interest in property is forfeited by the defendant [is]the moment of 'the commission of the act giving rise to the forfeiture[.]'")**. Mark Hall had no interest in the subject property, and the Government, stepping into his shoes, could not revive such an interest. ***See In re Cook County Treasurer*, 706 N.E. 2d 465, 468 (1998) (citing 765 ILCS 5/30) ("The grantee's failure to record the deed may affect the grantee's rights vis-a-vis a third party, who purchases the property without notice of the grantee's unrecorded interest, but the grantee's failure to record does not resuscitate the grantor's interest in the property.")**.

Moreover, as the Seventh Circuit Court of Appeals explained, the "relation back"

5

provision "was intended by Congress as one means of avoiding fraudulent transfers of assets which would otherwise defeat the forfeiture statutes." *Id.* **(citations omitted)**. The Government does not contend, nor is there any evidence to support a contention, that the transfer of property in the current proceeding was fraudulent. For this reason, the "relation back" provision does not apply to the transfer.

The Government contends that Tina Hall's right in the property had not vested because she failed to record the deed. Approximately 10 months passed between the entry of the divorce decree and Mark Hall's quit-claiming the property to Tina Hall. The Government filed its first *lis pendens* some seven months after the decree. The Government has not defined or offered any authority regarding what would be considered a reasonable amount of time for Tina Hall to record the deed or how the Government defines "promptly." The Court declines to draw a bright line for timely recording of the deed where neither state statute nor the state court divorce decree provides one. This could place the Court in an inconsistent and unsupportable position where it would have to determine whether a year is too long, a month too short or what time in between or beyond is appropriate. The Government would stand in the same position if it had filed its *lis pendens* a day after the state court entered its decree and Tina Hall had recorded the deed a day later. The Court will not endorse the rush to the courthouse embodied in such a decision. Such a decision would also carry the Court well beyond the plain language and the spirit of § 853(n)(6).

Furthermore, as provided in relevant part in the Conveyances Act, 765 ILCS 5/1,

> Livery of seizin shall in no case be necessary for the conveyance of real property; but every deed, mortgage or *other conveyance in writing* ... shall be sufficient without livery of seizin, for ... conveying or transferring any lands ... so as, to all intents and purposes, *absolutely and fully to vest* in every donee ..., all such estate or estates as shall be specified in any such deed, mortgage,

6

lease or other conveyance."[3] **765 ILCS 5/1 (emphasis added)**.

The divorce decree is a conveyance in writing that is sufficient to transfer the property and to fully vest it in Tina Hall.

The Government claims that it is "obviously" Mark Hall's creditor, but it offers no authority for that claim, and the Court is unpersuaded as to the obviousness of this argument. "Because it seeks to penalize the defendant for his illegal activities, *in personam* forfeiture reaches only that portion, or portion thereof, owned by the defendant." ***United States v. Gilbert*, 244 F.3d 888, 919 (11th Cir. 2001)**. The *Gilbert* court explained, "what distinguishes criminal forfeiture is that the property itself is not forfeited; rather, the defendant's *interest* in the property is forfeited." ***Id.* at 920**. In the opinion of the undersigned District Judge, Mark Hall had no interest remaining in the property.

The recording of the deed is for the notice of third parties and failure to record the deed does not negate the transfer of the property. ***In re Cook County Treasurer*, 706 N.E. 2d at 458 (citing 765 ILCS 5/30)**. 765 ILCS 5/30 provides,

> All deeds, mortgages and other instruments of writing which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, without notice; and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for

---

[3]"Livery of seizin" is an obsolete medieval English term for the conveyance of land "with the symbolic handing over of a clod of dirt." ***United States v. Lee,* 232 F.3d 556, 559 (7th Cir. 2000)**. The import of that term in 765 ILCS 5/1 is that this practice "is no longer necessary for the conveyance of real property and that a writing is sufficient to effectuate such a conveyance." ***Minonk State Bank v. Grassman*, 447 N.E.2d 822, 824 (Ill. 1983)**.

record.

Since, as stated above, the Government stands in the shoes of Mark Hall - who is no sense a creditor in relation to the property - it cannot be considered a creditor and has no claim under 765 ILCS 5/30. The Government is not a creditor because it is not collecting a debt owed by Mark Hall. Nor is the Government a purchaser because it is not seeking to purchase the home for a value. Rather, the Government seeks to forfeit the property as an instrumentality of Mark Hall's illegal activity and is entitled to Mark Hall's interest and nothing more. Because, in February, 2007, Mark Hall no longer had a forfeitable interest in the property, the Government's attempt to forfeit the property must fail.

The Government provides neither case law nor statutory support for its claim that the divorce decree was inadequate to "trump" the interests of the United States because it does not contain a legal description of the real estate. There is no uncertainty as to the property that is being transferred, and the transfer is not void for that reason. In ***Franzen v. Donichy,* 137 N.E.2d 825 (Ill. 1956)**, the Illinois Supreme Court found that "the general reference to all of her real estate was sufficient to identify the property, with the aid of extrinsic evidence, and did not render the instrument void for uncertainty of description." **137 N.E.2d at 827**. There is no uncertainty as to the conveyance of the property at 608 Autumn Avenue in Collinsville, Illinois, that would render void the transfer of that property in the divorce decree.

Finally, the Government asserts that Tina Hall is not "reasonably without cause to believe that the property was subject to forfeiture" because "at some point in time through 2004, both Mark Hall and Tina Hall smoked marihuana on the subject matter premises." The Government offers no evidentiary support for this bare assertion. It was not charged in the criminal indictment

underlying this forfeiture, nor does the Government point to any other charge based on it. The Court will not consider an unsubstantiated claim.

### III.  Conclusion

For all of the above reasons, the Court **DENIES** the Government's motion for partial summary judgment (Doc. 75) and **GRANTS** Tina Hall's motion for summary judgment (Doc. 77). The Court **VACATES** its preliminary order for forfeiture of the property. (Doc. 58)

**IT IS SO ORDERED.**

**DATED this 15th day of October, 2008**

> **s/Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**